UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

St. Clair Marine Salvage, Inc.,

              Plaintiff,        Case No. 23-10956

v.                                  Judith E. Levy
                                  United States District Judge

Cass Hawkins, *et al.*,

                                  Mag. Judge Curtis Ivy, Jr.

             Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ARBITRATION [21]**

Before the Court is Plaintiff's motion to compel arbitration (ECF No. 21.) On January 11, 2024, the Court held a hearing and heard oral argument on this motion, among others.[1]

For the reasons set forth on the record and addressed below, Plaintiff's motion to compel arbitration (ECF No. 21) is GRANTED as to Defendant Hawkins and DENIED as to Defendant Patterson.

---

[1] The other motions were Plaintiff's motion for entry of order authorizing issuance of warrants of arrest (ECF No. 16), Patterson's motion, Plaintiff's motion to extend time for execution of warrants for arrest, Hawkins' motion for leave to file counterclaim, and Hawkins' motion for withdrawal of attorney. (*See* ECF No. 47.)

"[A]rbitration is a matter of contract," meaning "courts must 'rigorously enforce' arbitration agreements according to their terms." *In re StockX Customer Data Security Breach Litigation*, 19 F.4th 873, 878 (6th Cir. 2021) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). "[P]arties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability.'" *Id.* at 878 (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019)). In such arbitration agreements, the agreement must "clearly and unmistakably" delegate those questions to the arbitrator. *Id.* at 879–80. Although the parties can delegate some arbitrability questions to the arbitrator, the Court still has a role in determining whether arbitration should be compelled:

> *First*, we resolve any challenge that pertains to the *formation* or *existence* of the contract containing the delegation provision. If a contract exists, we proceed to step two.
>
> *Second*, we decide any remaining *enforceability* or *validity* challenge only if it would "affect the [delegation provision] alone" or "the basis of [the] challenge [is] directed specifically to the [delegation provision]."

*Id.* at 880 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71–72 (2010)).

Here, the language in the contract provides "clear and unmistakable" evidence that issues of arbitrability should be decided by an arbitrator. It states, "[t]he arbitrator shall decide any issue of arbitrability." (ECF No. 1-4, PageID.22.)

Still, the Court must "resolve any challenge that pertains to the *formation* or *existence* of the contract containing the delegation provision." *StockX*, 19 F.4th at 880. "To determine whether the existence of an agreement is 'in issue,' [the] court applies the standard for summary judgment." *Id.* at 881. The "movant asserting the existence of a contract [] must initially carry its burden to produce evidence that would allow a reasonable jury to find that a contract exists." *Id.* "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

Plaintiff represents in its verified amended complaint that it entered into Salvage Agreements with Defendants, and that the Salvage Agreements include arbitration provisions. (ECF No. 49-1, PageID.451–

3

452.) However, the contracts that Plaintiff produced involving Hawkins and Patterson are unsigned. (ECF Nos. 1-2, 1-4.) Captain Chase Leslie and Defendants appear to have initialed the contracts at paragraph 3(d), which defines the price "per foot of the Vessel," but the signatures lines in both contracts are unsigned. (*Id.*) There is no indication of any agreement for the contract provisions after paragraph 3(d), including for the arbitration provision at paragraph 5. (*Id.*)

Despite the lack of a signature, Hawkins conceded that he entered into an agreement with Plaintiff and, instead, argues that the arbitration agreement is procedurally and substantively unconscionable. (ECF No. 27, PageID.262–264.) The Court cannot decide these issues because the arbitration agreement delegates them to the arbitrator. *In re StockX*, 19 F.4th at 878. Hawkins' argument fails and he must proceed to arbitration.

*Pro se* Defendant Patterson did not respond to Plaintiff's motion to compel arbitration, but it is clear from other filings that he claims he did not enter into an agreement with Plaintiff.[2] Although Patterson did not

---

[2] In other filings, Patterson disputes the existence of a contract and argues that his initials on paragraph 3d were forged. (ECF No. 24, PageID.241 ("[U]pon review of the copies of the fabricated Contract document . . . , it is clear that is not his signature

4

respond to Plaintiff's motion to compel arbitration, the Court still must apply the standard for summary judgment to determine if the existence of an agreement to arbitrate is at issue. *See Carver*, 946 F.2d at 454–55 (describing standard of review for unopposed summary judgment motions). As stated before, there is no indication on the contract that Patterson agreed to the arbitration provision because the signature line is unsigned. (ECF No. 1-4.)

"[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17(1).[3] Plaintiff has not met its

---

and has been forged."); ECF No. 31, PageID.286 (describing the contract as "fraudulent" and "fabricated").) A claim of forgery can provide a basis to avoid arbitration if there is sufficient evidence, *see Pennington v. Frisch's Restaurants, Inc.*, 147 F. App'x 463, 466 (6th Cir. 2005), but Patterson has submitted no evidence of forgery. Patterson's "verified" brief cannot be construed as evidence because it does not meet the standards for an affidavit nor a declaration. It was signed in front of a notary public (ECF No. 24, PageID.243–244), but Patterson does not swear to the truth of the statements made, nor does he write that he states them under penalty of perjury. 28 U.S.C. § 1746.

[3] Federal common law controls the interpretation of contracts of this kind. This case falls within the Court's admiralty jurisdiction. 28 U.S.C § 1333(1); *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 572 (6th Cir. 2015) ("[F]or disputes arising from contracts for salvage carried out between vessels upon the water, 'there can be no doubt of the jurisdiction of a Court of Admiralty. . . .'") (quoting *Houseman v. Cargo of The Schooner North Carolina*, 40 U.S. (15 Pet.) 40, 48 (1841)). "When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." *Norfolk S. Ry. v. James N. Kirby, Pty. Ltd.*, 543 U.S. 14,

burden to produce evidence that would allow a reasonable jury to find the existence of a contract. Because there is no signature, there is no "manifestation of mutual assent" for the arbitration provision. Thus, there is no evidence of an agreement to the arbitration provision. *StockX*, 19 F.4th at 881.

Because Plaintiff has not carried its burden of producing evidence that would allow a reasonable jury to find that an agreement to arbitrate exists, the Court cannot compel arbitration at this time.

For the reasons set forth above, Plaintiff's motion to compel arbitration as to Hawkins is GRANTED and Plaintiff's motion to compel arbitration as to Patterson is DENIED.

---

22–23 (2004). This is a maritime contract because it is a salvage contract and references maritime services or transactions. *Id.* at 23–24. Courts use federal common law when there is no controlling federal statue for the admiralty question at issue. *St. Clair Marine Salvage, Inc.*, 796 F.3d at 574 (using federal common law to interpret a salvage contract in the absence of a federal statute). The Court was unable to find a controlling federal statute for contract formation for salvage agreements.

Further, there is no indication that this dispute is "inherently local" such that state law should apply. *Norfolk S. Ry.*, 543 U.S. at 27 ("A maritime contract's interpretation may so implicate local interests as to beckon interpretation by state law."). Thus, federal law controls the interpretation of contracts.

IT IS SO ORDERED.

Dated: January 22, 2024      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager

7