UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

St. Clair Marine Salvage, Inc.,

          Plaintiff,      Case No. 23-10956

v.                            Judith E. Levy
                            United States District Judge

Cass Hawkins, et al.,

                            Mag. Judge Curtis Ivy, Jr.

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [48]**

Before the Court is Plaintiff St. Clair Marine Salvage's motion for attorney fees. (ECF No. 48.) Plaintiff requests attorney fees in the amount of $2,600.00, which were incurred while bringing its motion to enforce settlement with Defendant TaTaNisha Reed.

Plaintiff's motion to enforce settlement requested that the Court order Ms. Reed to pay Plaintiff's attorney fees in bringing that motion. (ECF No. 37, PageID.358.) Ms. Reed failed to respond to that motion. On September 26, 2023, the Court issued a notice of an in-person hearing on Plaintiff's motion to enforce settlement (ECF No. 39.) The Court held that

hearing on November 16, 2023, and Ms. Reed failed to appear. Ms. Reed also failed to respond to the Court's order to show cause. (ECF No. 42.)

On November 29, 2023, the Court granted Plaintiff's motion to enforce settlement with Ms. Reed. (ECF No. 43.) In that order, the Court directed Plaintiff to submit billing records for attorney fees incurred in bringing the motion. (ECF No. 43, PageID.393.) Plaintiff filed a motion for attorney fees (ECF No. 48) and supplied the Court with billing records and an affidavit. (ECF Nos. 44, 48.) Ms. Reed did not respond, and the applicable period to file an objection has run. *See* E.D. Mich. LR 54.1.2(b).

Under 28 U.S.C. § 1927, "[w]hen an attorney unreasonably and vexatiously multiplies proceedings, a court may impose an award of costs, expenses, and attorney's fees occasioned by the attorney's conduct." *Knopf v. Elite Moving Sys.,* No. 13-CV-14556, 2015 WL 13310577, at *1 (E.D. Mich. May 28, 2015), *aff'd*, 677 F. App'x 252 (6th Cir. 2017) (granting defendant's motion to compel settlement and for attorney fees). Eastern District of Michigan Local Rule 54.2.1(b)[1] states,

---

[1] Although Local Rule 54.1.2(a) specifically pertains to motions for attorney fees after entry of judgment, Local Rule 54.1.2(b) appears to apply to all motions for attorney fees. The title of the rule is "Attorneys' Fees," and the language of 54.1.2(b) does not specify that its requirements only apply to motions for attorney fees after entry of judgment. *See also Hill v. Wayne State Univ.*, No. 5:21-CV-11409, 2021 WL

2

> (b) A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the Court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

LR 54.1.2(b).

Here, Ms. Reed is subject to § 1927. Although Ms. Reed is self-represented,[2] § 1927 applies to "[a]ny attorney or other person admitted to conduct cases in any court of the United States." 28 U.S.C. § 1927; *see*

---

6113793, at *6 (E.D. Mich. Oct. 14, 2021), *report and recommendation adopted*, No. 21-11409, 2021 WL 6113403 (E.D. Mich. Dec. 27, 2021) (remanding case to state court and denying request for attorney fees because it did not comport with LR 54.1.2(b)); *Abiola v. Select Portfolio Servicing, Inc.*, No. 2:17-CV-13741, 2021 WL 7208836, at *5 (E.D. Mich. Dec. 15, 2021), *report and recommendation adopted*, No. 217CV13741TGBKGA, 2022 WL 17752120 (E.D. Mich. Dec. 19, 2022) (denying request for attorney fees in motion to enforce the settlement agreement because it did not comport with LR 54.1.2(b)).

[2] According to Plaintiff's motion to enforce settlement, Ms. Reed was represented in settlement discussions by an attorney, Matthew Consolo. (ECF No. 37, PageID.348.) However, Mr. Consolo never made an appearance in this case.

*also Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (holding that § 1927 can be applied to a self-represented lawyer). Ms. Reed is an attorney.

Further, Ms. Reed failed to comply with the terms of the settlement, to respond to Plaintiff's motion to compel settlement (ECF No. 37), to attend the hearing on Plaintiff's motion to compel settlement, to respond to the Court's order to show cause why the Court should not grant Plaintiff's motion to enforce settlement (ECF No. 42), and to respond to Plaintiff's motion for attorney fees. (ECF No. 48.) She has "*objectively* fall[en] short of the obligations owed by a member of the bar to the court" and has "as a result, cause[d] additional expense to the opposing party." *Knopf v. Elite Moving Sys.*, 677 F. App'x 252, 257 (6th Cir. 2017) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal quotation marks omitted)). This conduct warrants an award of attorney fees.

The Court finds that Plaintiff's request for $2,600.00 in attorney fees are reasonable. Plaintiff properly filed an affidavit "setting out in detail the number of hours spent," "the rate customarily charged . . . for such work," and "the prevailing rate charged in the community for similar services." LR 54.1.2(b). Plaintiff's counsel – Brandon J. Wilson –

4

submitted an affidavit stating that he spent 5 hours drafting the motion and appearing in front of the Court. (ECF No. 48-2, PageID.424.) Mr. Wilson explains that his hourly rate for the matter is $520.00, and that the total attorney fees incurred are $2,600.00. (*Id.*) Further, Mr. Wilson's affidavit indicates that he is an equity litigation partner at a law firm and has practiced in this area of litigation for over 14 years. (*Id.* at PageID.423–24; ECF No. 48, PageID.417.) Plaintiff argues that Mr. Wilson's rate of $520.00 an hour is reasonable given his experience, and that it is "well within the range of rates customarily charged by partners at law firms in Detroit." (ECF No. 48, PageID.417 (citing ECF No. 48-3, PageID.431 (State Bar of Michigan 2023 Economics of Law Survey Results)).) Plaintiff's Exhibit B – the 2023 Economics of Law Survey Results produced by the State Bar of Michigan – states that equity partner billing rates ranged from $395 at the 25th percentile, to $500 at the 75th percentile. (ECF No. 48-3, PageID.431.)

Plaintiff has complied with the requirements of Local Rule 54.1.2(b). In light of Mr. Wilson's background, skill, experience, and the results obtained, the Court finds that the attorney fees requested by

5

Plaintiff are reasonable. Ms. Reed must pay Plaintiff $2,600.00 in reasonable attorney fees by **March 15, 2024**.

IT IS SO ORDERED.

Dated: February 13, 2024      s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2024.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager